UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DRUMWRIGHT, | ) | CASE NO. 4:12cv1428 |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Larry Drumwright's above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names the United States of America as Respondent. He seeks an Order directing the Respondent to immediately release him from custody. For the reasons outlined below, the Petition is dismissed.

### *Background*

Petitioner was named in an indictment filed in the United States District Court for the Middle

District of North Carolina.[1] *See United States v. Drumwright, et al.*, Case No.1:06-cr-00189 (M.D. NC filed May 30, 2006). After pleading not guilty, Petitioner was released on bond following a June 21, 2006 detention hearing. The government filed an Information to Establish Prior Conviction as to Petitioner on June 28, 2006.

A Change of Plea agreement was filed with the district court on July 5, 2006. Twice, Petitioner requested an extension on the date of the change of plea hearing. Finally, on August 9, 2006, he entered a guilty plea before the court. After Petitioner's sentencing hearing on May 16, 2007, the district court issued a Judgment and Commitment (J&C) on June 8, 2007, sentencing Petitioner to serve 216 months in prison, followed by 10 years of supervised release. He is scheduled for release on January 4, 2023.

*Discussion*

Petitioner now argues he is actually innocent because the government failed to comply with the "strict rules" of 21 U.S.C. § 851(a)(1).[2] He claims the government has no evidence that the "sentence enhancement filed before the defendant's guilty plea was properly served on the defendant." (Pet. at 4.) Moreover, he claims he never received notice of the enhancement.

Relying on an opinion from the Eleventh Circuit Court of Appeals, Petitioner asserts the

---

[1] Very few relevant facts are provided by the Petitioner in his criminal case. Therefore, because this Court "may take judicial notice of proceedings in other courts of record," *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)), it will rely on the Public Access to Court Electronic Records (PACER) system for details on the procedural history of Petitioner's criminal case.

[2] The relevant statute provides that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ." 21 U.S.C. § 851(a)(1).

language of the statute mandates the government's compliance with the notice requirement.[3] Otherwise, he maintains, any failure to comply with the notice requirement divests the trial court of its authority to enhance his sentence.

Based on these allegations, Petitioner maintains his enhanced prison term is a nullity. He seeks an Order vacating the enhanced portion of his sentence, as it was allegedly imposed under a defective notice. He concludes that a void sentence enhancement renders him "actually innocent."

### *Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)(citations omitted), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

### 28 U.S.C. §2241

Federal prisoners seeking to challenge their convictions or the imposition of their sentences must file a motion, pursuant to 28 U.S.C. § 2255, in the court where they were sentenced. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may

---

[3]Petitioner cites "United States v. James Javon Ladson, CA11, 2011 US App Lexis 12792." The Court believes this is a reference to *United States v. Ladson*, 643 F.3d 1335 (11th Cir. 2011), which held that the government's failure to serve the defendant with notice of an enhanced sentence before trial, deprived the district court of authority to enhance the defendant's sentence. .

not challenge his conviction and sentence under 28 U.S.C. § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

Clearly, Petitioner is attacking the sentence imposed by the trial court. Whether he ever attempted to raise this issue in the trial court through a § 2255 Motion to Vacate is not disclosed in the Petition.

A review of the docket in his criminal case reveals Petitioner, aided by counsel, filed a Motion for Reduction of Sentence under the Fair Sentencing Act. *See Drumwright*, No. 1:06cr0189, at Doc. No. 67. The motion was denied by Judge Tilley on April 7, 2011. *Id.* at Doc. No. 96. Petitioner then appealed the Order to the Fourth Circuit Court of Appeals, which affirmed the district court's sentence on August 23, 2011. After an unsuccessful attempt to re-file his Motion to Reduce Sentence, Petitioner did file a Motion to Vacate (entitled Motion to Abolish Supervised Release) his sentence on November 28, 2011.[4] *Id.* at Doc. No. 125.

On March 5, 2012, Petitioner filed a "Petition for Relief pursuant to 28 U.S.C. § 2241" in the trial court. *Id.* at Doc. No. 133. The petition was construed as an amendment to the pending Motion to Vacate. *Id.* Petitioner later moved to withdraw the amendment, which the court granted on May 18, 2012. *Id.* at Doc. No. 141. To date, Petitioner's Motion to Vacate is still pending in the Middle District Court of North Carolina.

---

[4]The Motion to Vacate was dismissed on January 27, 2010, without prejudice, based on Petitioner's failure to file it on the proper form. *See Drumwright*, 1:06cr0189, Doc. No. 129 (1:12cv0019). Petitioner re-filed the Motion in the proper form on February 13, 2012. *See Drumwright*, 1:06cr0189, Doc. No. 131 (1:12cv0155).
.

The amendment Petitioner filed and withdrew in the trial court is a duplicate of the Petition now before this Court. Therefore, he originally presented the issue to the trial court, but without explanation to this Court, presented the same claim in his present Petition. As noted above, however, federal prisoners are only permitted to challenge their conviction if their remedy pursuant to §2255 is inadequate or ineffective.

The circumstances in which § 2255 is inadequate and ineffective are narrow. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Moreover, a § 2255 remedy is not considered inadequate or ineffective simply because a petitioner has already been denied § 2255 relief, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998). Other than citing *Ladson* and claiming actual innocence, Petitioner has not proffered any reason why he is challenging his sentence under §2241.[5]

The Sixth Circuit has instructed: "[C]laims do not fall within any arguable construction of . . . [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). While Petitioner asserts he is "actually innocent,"and thus qualified to seek relief under the safety

---

[5]Petitioner's reliance on *Ladson* is not persuasive. The prisoner in that case did not argue actual innocence, but filed a direct appeal challenging his sentence.

valve of §2255, the type of claim he raises does not warrant his entitlement to relief under this provision.

First, there has not been any intervening change in law that rendered Petitioner innocent of a crime. *Id*. He is not like those prisoners who were convicted of "using" a firearm during a drug crime or violent crime and found themselves innocent after the Supreme Court redefined the term more restrictively in *Bailey v. United States*, 516 U.S. 137 (1995). *See* 18 U.S.C. § 924(c)(1). Even after *Bailey*, these prisoners were barred from § 2255 relief because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255. Moreover, their guilty pleas precluded collateral review before filing a direct appeal and they were procedurally defaulted.

In this context, the Supreme Court developed its standard of actual innocence, holding that it would be "inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in *Bailey* in support of his claim that his guilty plea was constitutionally invalid." *Bousley v. United States*, 523 U.S. 614, 619 (1998). Where a substantive federal criminal statute no longer reaches certain conduct, the Court believed prisoners should still have access to review, to avoid the significant risk that a defendant stands convicted of "an act that the law does not make criminal." *Id*. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003)(quoting in *Bousley v. United States,* 523 U.S. 614, 623 (1998)). Thus, a claimant must essentially assert that the behavior for which he stands convicted is no longer considered criminal.

Petitioner had opportunities to challenge his sentence before seeking habeas relief from this

Court. The fact that his challenge may be procedurally barred or time-barred does not bring it under the umbrella of the "savings clause" provision. The claim does not involve actual innocence but, instead, challenges the legality of a sentence without arguing that it exceeded the statutory maximum. This is not a claim that may be collaterally attacked under the guise of actual innocence. *See e.g., Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir.1993)(holding that the district court should not have considered a § 2255 petition based on an alleged misapplication of the sentencing guidelines).

Petitioner's argument that the enhancement of his sentence was imposed in violation of the procedures set forth in 21 U.S.C. § 851, does not state actual innocence. Instead, it is an assertion of legal insufficiency for which habeas relief is not available under §2255's safety valve.

### *Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

                S/Christopher A. Boyko
                CHRISTOPHER A. BOYKO
                UNITED STATES DISTRICT JUDGE

---

[6]The statute provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).